**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AIR & LIQUID SYSTEMS CORPORATION; AMPCO-PITTSBURGH CORPORATION, | ) ) ) | Civil Action No. 12-1427 |
| Plaintiffs, | ) ) ) ) | |
| vs. | ) ) | |
| UTICA MUTUAL INSURANCE COMPANY; NATIONAL INDEMNITY COMPANY; RESOLUTE MANAGEMENT, INC., | ) ) ) ) ) | [ELECTRONICALLY FILED] |
| Defendants. | ) ) ) ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO FILE DOCUMENTS UNDER SEAL**

Plaintiffs Air & Liquid Systems Corporation and Ampco-Pittsburgh Corporation hereby

file this response in opposition to Defendants' Motion for Leave to File Documents Under Seal.

The Motion should be denied for the following reasons.

1.      *First*, Plaintiffs cannot assess the propriety of sealing because Defendants have

failed to comply with the Court's order and produce the documents at issue.  The Court ordered

that Defendants produce, under an attorneys' eyes only designation, agreements by and between

Resolute, National Indemnity, Utica detailing the assignment of rights and duties as lead carrier.

*See* October 4, 2012, Tr., at p. 23.

2.      In light of the Court's order, on Friday October 5, 2012, at 10:31 am, Plaintiffs'

counsel e-mailed defense counsel, requesting a meet-and-confer for Monday October 8, 2012,

and asking when the agreements would be produced.  *See* Exhibit A.

3.      Defense counsel ignored this e-mail, have not engaged in a meet-and-confer, have not stated that they will engage in a meet-and-confer, and have not produced the agreements at issue.

4.      Instead, as evidenced from Defendants' Motion, Defendants are improperly seeking to limit their obligations and excuse their failure to comply with the Court's order.  That is, in Paragraph 2 of the Motion, Defendants improperly characterize the Court's order as obligating the production of only two agreements.  But, as noted above, the order was not so limited, and Defendants should be required to produce ***all agreements*** related to the assignment (for example, this would include agreements between National Indemnity and Resolute regarding any assignment of claims handling duties).

5.      Further, Defendants disingenuously suggest that their delay in producing the agreements is because Plaintiffs have not yet responded to their circulation of a protective order.  This Court, of course, did not condition production of the agreements on entry of a protective order.  But, regardless, Defendants circulated the protective order at 4:35 pm on Monday October 8, 2012, and Plaintiffs promptly responded with their revisions the next morning.  *See* Exhibits B and C (cover e-mails).  The notion that Plaintiffs have delayed obtaining the very agreements that they have repeatedly requested (both before commencing this lawsuit and at the Court's October 4, 2012, hearing) is incorrect.

6.      ***Second***, Defendants' Motion should be denied because there is no basis for sealing the declaration submitted by Resolute regarding the institution of firewalls, which too was ordered by the Court.  The declaration contains no confidential or proprietary information.

**WHEREFORE**, Plaintiffs respectfully request that this Court deny Defendants' motion for leave to file documents under seal.

Respectfully submitted,

/s/ J. Nicholas Ranjan
Thomas E. Birsic (Pa. ID 31092)
David F. McGonigle (Pa. ID 61824)
J. Nicholas Ranjan (Pa. ID 93121)
David R. Osipovich (Pa. ID 306687)
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA  15222
Telephone:  (412) 355-6500
Facsimile:  (412) 355-6501

Dated:  October 9, 2012                Counsel for Plaintiffs Air & Liquid Systems
                                       Corporation and Ampco-Pittsburgh Corporation

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 9, 2012, a copy of the foregoing was filed

electronically.  Notice of this filing will be sent to the parties by operation of the Court's

electronic filing system.  Parties may access this filing through the Court's system.


<u>/s/ J. Nicholas Ranjan   </u>