IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------- x
                                                                           :

AIR & LIQUID SYSTEMS CORPORATION, :
*et al.*,                                                   :

                 Plaintiffs,           :   Civil Action No.: 12-1427

              -against-            :   The Honorable Joy Flowers Conti

UTICA MUTUAL INSURANCE COMPANY, :
*et al.*,

                Defendants.

------------------------------------------- x

## STIPULATED PROTECTIVE ORDER

Pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and upon stipulation of the undersigned Parties, the Court hereby enters the following Stipulated Protective Order ("Protective Order"):

**Proceedings and Information Governed.**

1. This Protective Order and any amendments or modifications hereto shall govern any Document, information, or other thing furnished by any Party or Producing Party, including any non-parties who receive a subpoena, in connection with this action. The information protected includes, but is not limited to, Documents and all other writings or things produced, given, or filed in this action that are designated by a Producing Party as "Confidential Information" and "Highly Confidential Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

2.  The Parties agree that, from the time they execute this Protective Order until the Court enters the Protective Order, they will be bound by the Protective Order as if the Court had entered it.

3.  The following definitions shall apply to this Protective Order:

1.  "Document" shall be interpreted in the broadest sense permitted by the Federal Rules of Civil Procedure, and means any writing or other record whatsoever of any nature, whether transcribed by hand or by some mechanical, electronic, photographic, or other means, and regardless of the medium in, or upon which, it is retained or stored, including, without limitation, the following: correspondence; memoranda; electronic mail; notes; records; summaries of meetings or conferences; opinions; studies; reports of consultants; projections; statistical statements; drafts; agreements; telegrams; telexes; transcripts; facsimiles; pamphlets; manuals; reports; spreadsheets; databases; presentations; diaries; calendar entries; tape recordings; computer disks or files; charts; logs; notebooks; drawings; plans; answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; affidavits; declarations; and other such materials as may be produced or filed during this action, as well as all copies, excerpts, or summaries thereof.

2.  "Party" shall mean each and every named party in this action and any person or entity that hereafter is served with process in this action, as well as, to the extent of such party's authority to bind them, each of their divisions, departments, offices, agents, parents (whether whole or part owner), subsidiaries (whether wholly or partly owned), affiliates, predecessors, successors, each and every legal entity within their control, as well as each and every current or former officer, employee, agent, director, or representative.

3. "Producing Party" shall mean any person or entity that produces or files Documents or other information in connection with this action or whose deposition is taken in connection with this action.

**Designation and Maintenance of Information.**

4. For purposes of this Protective Order, the "Confidential Information" or "Highly Confidential Information" designation shall mean that the Producing Party reasonably believes the designated Documents or other information (or portion thereof) to be of a proprietary, sensitive, or confidential nature, the disclosure of which may adversely affect a Producing Party's competitive, commercial, business, or economic interests, or is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor in accordance with Fed. R. Civ. P. 26(c)(7) or other applicable law, or is other information required or permitted by law or agreement to be kept confidential. Confidential Information or Highly Confidential Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the Party (or Parties) to which disclosure is made unless that Party is already bound by agreement not to disclose such information, or to information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

5. Documents and things produced during the course of this litigation may be designated by the Producing Party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

6. Documents and things produced during the course of this litigation may be designated by the Producing Party as containing Highly Confidential Information by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

7. In the case of a multiple page Document, each and every page of the Document deemed to contain Confidential Information or Highly Confidential Information shall be so designated by the above legend on each such page. A single legend on the first page of a multiple page Document will not be deemed to designate the entire Document as Confidential Information or Highly Confidential Information; provided, however, that in the case of databases, CD-ROMs, and other electronic materials, a single legend affixed on the electronic material will be deemed to designate the entire contents thereof as Confidential Information or Highly Confidential Information. Notwithstanding anything in this paragraph to the contrary, to the extent any Producing Party produces information electronically on CD-ROM or other media in .tiff image or comparable format, a single legend affixed to the CD-ROM or other media upon which such information is produced shall not be deemed to designate the entire contents thereof as Confidential Information or Highly Confidential Information; in the case of production of Documents or other information in .tiff or comparable format, each separate .tiff or other image that contains Confidential Information or Highly Confidential Information shall be so designated by the above legend.

8. A Party or Producing Party may designate information disclosed at a deposition as Confidential Information or Highly Confidential Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any Party or Producing Party shall have

fourteen (14) calendar days after the date of receipt of the deposition transcript to designate, in writing to the other Parties and to the court reporter, the transcript or any portion thereof as Highly Confidential Information. If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Highly Confidential Information, unless the Producing Party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Highly Confidential Information. Each Party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

9. It is the responsibility of counsel for each Party to maintain materials containing Confidential Information or Highly Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

10. If a Producing Party discovers that Documents or other information that it designated as Confidential Information or Highly Confidential Information do not qualify for protection, that Producing Party must promptly notify all Parties or other persons or entities who received the Document or other information that it is withdrawing the mistaken designation.

**Inadvertent Failure to Designate.**

11. The inadvertent failure to designate any information as Confidential Information or Highly Confidential Information will not be deemed to waive a later claim as to its confidential nature, or to stop the Producing Party from designating such information as confidential at a later date in writing and with particularity. Such information shall be treated as Confidential Information or Highly Confidential Information from the time written notice of the

5

change in designation is received, and the Producing Party shall promptly provide to all parties substitute information marked with the change in designation.

**Challenge to Designations.**

12. A Party receiving Confidential Information or Highly Confidential Information may challenge a Producing Party's designation at any time by requesting, in writing, that the Producing Party change the designation. The Producing Party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving Party whether it will change the designation. If an agreement is not reached after the expiration of this fourteen (14) day time frame, and after the conference required under Local Rule 37.1, the receiving Party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

13. Information designated as Confidential Information or Highly Confidential Information may only be used for purposes of preparation, mediation, trial, and appeal of this action.

14. Subject to Paragraphs 16 through 18 below, Confidential Information may be disclosed by the receiving Party only to the following persons or entities directly involved in this litigation: (a) officers, employees, administrators or agents, including in-house counsel, of the Parties; (b) outside counsel for the Parties, including the partners, counsel, associates, secretaries, paralegal or other assistants, and employees of such attorneys; (c) subsidiary, affiliate, associated, or parent companies of the Parties and their counsel; (d) non-party experts, consultants, and their staffs who are retained or may be retained in connection with this action;

(e) vendors or other non-parties who are retained or may be retained in connection with this action to assist in photocopying, imaging, database development, graphics or design services, mock trial, jury profiling, translation services, court reporting or other services; (f) reinsurers of the Parties and their retrocessionaires (as required in the ordinary course of business) but only in their capacity as such and only if the individuals viewing the Confidential Information have been previously provided a copy of the Protective Order and have been instructed by the receiving Party to keep the Confidential Information confidential pursuant to the terms of the Protective Order; (g) auditors of the Parties, but only in their capacity as such and only if the individuals viewing the Confidential Information have been informed of the terms of the Protective Order and have agreed not to disclose such Confidential Information to any other entity or person; (h) non-party witnesses or potential witnesses, to the extent reasonably necessary to litigate this action and only after such witnesses or potential witnesses agree not to disclose such Confidential Information to any other entity or person; (i) any other person or entity that counsel for the Parties agree in writing should have access to such Confidential Information; (j) subject to Paragraph 24, the Court and other court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or magistrate judge appointed by the Court); and (k) any person or entity designated by the Court in the interests of justice, upon such terms as the Court may deem proper.

15. Subject to Paragraphs 16 through 18 below, Highly Confidential Information may be disclosed by the receiving Party only to the following persons or entities directly involved in this litigation: (a) outside counsel for the Parties, including the partners, counsel, associates, secretaries, paralegal or other assistants, and employees of such attorneys; (b) non-party experts, consultants, and their staffs who are retained or may be retained in connection with this action;

(c) vendors or other non-parties who are retained or may be retained in connection with this action to assist in photocopying, imaging, database development, graphics or design services, mock trial, jury profiling, translation services, court reporting or other services; (d) any person indicated on the face of a document to be the author, addressee, or a copy recipient of a document, or any other person who otherwise is shown to have properly received previously a copy of a document, the receipt of which is not in violation of this Stipulation and Order or any obligation of confidentiality; (e) subject to Paragraph 24, the Court and other court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or magistrate judge appointed by the Court); and (f) any person or entity designated by the Court in the interests of justice, upon such terms as the Court may deem proper.

16. Counsel shall be responsible for the adherence to the terms and conditions of this Protective Order by persons or entities who receive Confidential Information or Highly Confidential Information pursuant to Paragraphs 14(d) and 14(e) and 15(b) and 15(c), above. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit A (in the case of persons or entities that receive Confidential Information or Highly Confidential Information pursuant to Paragraph 14(d) or 15(b)) or Exhibit B (in the case of persons or entities that receive Confidential Information or Highly Confidential Information pursuant to Paragraph 14(e) or 15(c)).

17. Confidential Information or Highly Confidential Information may be disclosed to a person or entity, not already allowed access to such information under this Protective Order, if: (a) the information was previously received or authored by the person or entity or was authored or received by a director, officer, employee or agent of an entity for which the person is

testifying as a Rule 30(b)(6) designee; or (b) counsel for the Producing Party agrees that the material may be disclosed to the person or entity.

18. Disclosure of material in any manner consistent with this Protective Order shall not constitute a waiver of the confidential status of the material so disclosed.

19. This Protective Order shall not be construed in any manner that would prevent any Producing Party from using its own Confidential Information or Highly Confidential Information in any manner it chooses; provided, however, that if a Producing Party uses its own Confidential Information or Highly Confidential Information in a manner that causes such information to lose its confidential status, then all other Parties shall be relieved of their obligation to treat such information as confidential in accordance with this Protective Order.

20. Subject to the Federal Rules of Evidence or other applicable law, in the event that Confidential Information or Highly Confidential Information is used in any trial, hearing, or other court proceeding in this action, the Confidential Information or Highly Confidential Information shall not lose its status as Confidential Information or Highly Confidential Information through such use. Prior to the disclosure of Confidential Information or Highly Confidential Information in any trial, hearing, or other court proceeding in this action, counsel shall confer with the Court on such procedures as may be necessary and appropriate to protect the confidentiality of such Confidential Information or Highly Confidential Information.

**Inadvertent Production of Allegedly Privileged Information.**

21. The procedures established by Local Civil Rule 16.1.D shall apply in this case to all instances of alleged inadvertent disclosure of Documents or information that the Producing Party believes are privileged, constitute trial preparation material or work product, or are otherwise protected from discovery under applicable law. No request for the return of an

inadvertently produced document shall be made within 60 days of trial, unless the claimed inadvertently produced document was first produced within 90 days of trial.

22. If a Producing Party inadvertently discloses any Document or other information that the Producing Party believes is privileged, constitutes trial preparation material or work product, or is otherwise protected from discovery under applicable law, the Producing Party reserves all rights to assert such privilege or protection in any other proceeding, notwithstanding the fact that the Document or information has been disclosed. The inspection, copying, and/or review by a Party in the course of this proceeding of such Document or information shall not, by itself, be deemed a waiver of the asserted privilege or other protection, whether in this or any other proceeding, for the produced Document or information, or any other Document or information covering the same or similar subject matter.

**Non-Party Information.**

23. The existence of this Protective Order shall be disclosed to any Producing Party that is not also a Party who may reasonably be expected to desire confidential treatment for any Documents or other information that it will or may produce in this action. Any such Producing Party may designate Documents or other information as Confidential Information or Highly Confidential Information pursuant to this Protective Order.

**Filing Documents With the Court.**

24. In the event that any Party or non-party that files any Documents or other material in this action wishes to submit Confidential Information or Highly Confidential Information to the Court, such Party or non-party shall do so only: (a) following a successful challenge to the designation according to the provisions in Paragraph 12; (b) following acceptance by the Court for filing under seal; (c) for in camera review by the Court in connection with the determination of a challenge to a designation, as provided in Paragraph 12, or for a determination of whether

such document may be filed under seal; or (d) as may otherwise be agreed by the Party or non-party seeking to file such alleged Confidential Information or Highly Confidential Information and the Producing Party that produced such alleged Confidential Information or Highly Confidential Information. A Party or non-Party may agree to permit the filing of such Confidential Information or Highly Confidential Information with the Court while still maintaining, in all other respects, the confidential nature of such Confidential Information or Highly Confidential Information.

**No Prejudice.**

25. Producing or receiving Confidential Information or Highly Confidential Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission that any particular Confidential Information or Highly Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Producing Party to object to the production of information or material that the Producing Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Producing Party to apply to the Court for further protective orders; (e) prevent the Parties or Producing Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Document or information; (f) prevent any Producing Party from seeking to modify, extend, or limit this Protective Order upon a showing of good cause; nor shall anything in this Protective Order prevent the Parties from contesting the relevancy, admissibility, or discoverability of Confidential Information or Highly Confidential Information.

**Conclusion of Litigation.**

26. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement that resolves all claims in this action, each Party, Producing Party, or other person or entity subject to the terms of this Protective Order shall be under an obligation to destroy or return to the Producing Party all Documents and information containing Confidential Information or Highly Confidential Information, and to certify to the Producing Party such destruction or return. Alternatively, a Party may maintain Documents and information containing Confidential Information or Highly Confidential Information in confidence in accordance with the terms of this Protective Order.

27. Notwithstanding anything in this paragraph to the contrary, the Parties shall have the right to retain court papers, trial transcripts, hearing transcripts, deposition transcripts, pleadings, exhibits, trial preparation materials, or attorney work product that incorporate or include Confidential Information or Highly Confidential Information provided that any such Documents or information are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

28. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Party or other person or entity subject to this Protective Order that receives a demand or request for disclosure of Confidential Information or Highly Confidential Information pursuant to this Protective Order shall promptly notify the Producing Party of the demand or request so that the Producing Party may have an opportunity to appear and be heard on whether that Confidential Information should be disclosed.

## Remedies.

29. Any Party or Producing Party may petition the Court for good cause shown, in the event such Party or Producing Party desires relief from a term or condition of this Order.

## Counterparts.

30. This stipulation may be executed in several counterparts, each of which shall be deemed an original. Execution of this stipulation may be effected by facsimile or other electronic transmission of executed copies of the signature pages delivered to counsel for the parties.

**IT IS SO ORDERED.**

Dated:

_____
United States District Judge

K&L GATES LLP

By: _/s/ Thomas E. Birsic_

Thomas E. Birsic
J. Nicholas Ranjan
David F. McGonigle
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501

*Counsel for Plaintiffs*

SIMPSON THACHER & BARTLETT LLP

By:

/s/ Mary Beth Forshaw
Mary Beth Forshaw
Bryce L. Friedman
Patrick Shilling
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Defendants National Indemnity Company and Resolute Management, Inc.*

| | |
|---|---|
| ROBB LEONARD MULVIHILL | HUNTON & WILLIAMS LLP |
| By: /s/ Mark A. Martini | By: *[signature]* |
| Mark A. Martini<br>BNY Mellon Center<br>500 Grant Street, 23rd floor<br>Pittsburgh, PA 15219<br>Telephone: (412) 281-5431<br>Facsimile: (412) 281-3711 | Walter J. Andrews<br>Michael Levine<br>1751 Pinnacle Drive, Suite 1700<br>McLean, Virginia 22102<br>Telephone: (703) 714-7400<br>Facsimile: (703) 714-7410 |
| *Counsel for Defendants National Indemnity Company and Resolute Management, Inc.* | *Counsel for Defendants Utica Mutual Insurance Company* |

BURNS WHITE, LLC

BY:

/s/ John B. Cromer

John B. Cromer
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212
Telephone: (412) 995-3134
Facsimile: (412) 995-3300

Counsel for Defendants Utica Mutual Insurance Company

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

```
-------------------------------------------  x
                                             :
AIR & LIQUID SYSTEMS CORPORATION,            :
et al.,                                      :
                                             :
                Plaintiffs,                  :    Civil Action No.: 12-1427
                                             :
        -against-                            :
                                             :    The Honorable Joy Flowers Conti
UTICA MUTUAL INSURANCE COMPANY,              :
et al.,                                      :
                                             :
                Defendants.                  :
                                             :
                                             :
-------------------------------------------  x
```

**CONFIDENTIALITY AGREEMENT FOR EXPERTS AND CONSULTANTS**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," as defined in the Stipulated Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Highly Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Highly Confidential Information in a secure manner, and

that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Highly Confidential Information are to be returned to counsel who provided me with such documents and materials.

**Exhibit B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

```
------------------------------------- x
                                      :
AIR & LIQUID SYSTEMS CORPORATION,     :
et al.,                               :
                                      :
             Plaintiffs,              :    Civil Action No.: 12-1427
                                      :
        -against-                     :
                                      :    The Honorable Joy Flowers Conti
UTICA MUTUAL INSURANCE COMPANY,       :
et al.,                               :
                                      :
             Defendants.              :
                                      :
                                      :
------------------------------------- x
```

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" or "or Highly Confidential Information," as defined in the Stipulated Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order. I agree not to use any Confidential Information or Highly Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.