**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------- x
      :

AIR & LIQUID SYSTEMS CORPORATION ,  :
*et al.*,  :
  :
      Plaintiffs,  :    Civil Action No.: 12-1427
  :
    -against-  :    The Honorable Joy Flowers Conti
  :
UTICA MUTUAL INSURANCE COMPANY,  :    ELECTRONICALLY FILED
*et al.*,  :
  :
      Defendants.  :
  :
---------------------------------------- x

  :    Civil Action No.: 12-1442
  :
HOWDEN NORTH AMERICA, INC.  :    The Honorable Joy Flowers Conti
  :
      Plaintiffs,  :    ELECTRONICALLY FILED
  :
    -against-  :
  :
UTICA MUTUAL INSURANCE COMPANY,  :
*et al.*,  :
  :
      Defendants.  :
  :
  :
---------------------------------------- x

**DEFENDANTS' MOTION *IN LIMINE* TO STRIKE THE DECLARATIONS AND**
**EXCLUDE THE TESTIMONY OF**
**ROSE HOOVER AND RICHARD T. O'CONNELL**

    Defendants Utica Mutual Insurance Company ("Utica"), National Indemnity Company

("NICO"), and Resolute Management Inc. ("Resolute") respectfully submit this motion *in limine*

to strike the declarations and to exclude the oral testimony of Rose Hoover and Richard T.

O'Connell in support of the motions of Air & Liquid Systems Corporation and Ampco-

Pittsburgh Corporation (together, "Ampco") and Howden North America, Inc. ("Howden")

motions for temporary restraining orders and preliminary injunctions.

**Background**

1.    On October 3, 2012, Ampco filed a motion for a temporary restraining order and a

preliminary injunction.  Case No. 12-1427, Dkt No. 4.  In support of its motion, Ampco

submitted Ampco's amended complaint verified by Ms. Rose Hoover as well as her declaration.

Case No. 12-1427, Dkt Nos. 4-1, 4-2.  On October 4, 2012, the Court set the motion for a hearing

on October 16, 2012.  In response to a joint inquiry from Ampco and defendants, on October 11,

2012 the Court issued an order that "[t]he parties may present testimony and other forms of

evidence they feel is appropriate at the TRO hearing."

2.     On October 9, 2012, Howden filed a motion for a temporary restraining order and

a preliminary injunction.  Case No. 12-1442, Dkt No. 4.  In support of its motion, Mr. Richard T.

O'Connell submitted a declaration.  Case No. 12-1442, Dkt No. 6.  On October 11, 2012, the

Court set the motion for a hearing on October 16, 2012.  On October 11, 2012, the Court issued

an order that "[t]he parties may present testimony and other forms of evidence they feel is

appropriate at the TRO hearing."

**Ms. Hoover and Mr. O'Connell Will Not Appear For Cross-Examination And Their Testimony In Support of Plaintiffs' Motions Must Be Excluded**

3.    Immediately after the Court issued orders permitting the presentation of evidence

at the hearing, defendants requested that plaintiffs' declarants, Ms. Hoover and Mr. O'Connell,

appear at the TRO hearing to be cross-examined.  *See* Exs. A and B.  Defendants also asked that

plaintiffs' counsel confirm that Ms. Hoover and Mr. O'Connell would appear by Friday, October

12 so that defendants' counsel could prepare over the weekend for a streamlined and efficient

hearing.  As of the filing of this motion (the morning before the hearing), neither Ampco nor

Howden has confirmed that their declarant will appear.[1]  Nor have they identified any substitute witnesses.  Accordingly, because Ampco and Howden have not responded and it appears that the declarants will not appear at the TRO hearing, Ms. Hoover's and Mr. O'Connell's sworn statements should be stricken from the record.  If Defendants are denied the opportunity to cross-examine Ms. Hoover and Mr. O'Connell, it would be erroneous for the Court to rely on the direct testimony submitted to the Court in the form of declarations and a verified complaint.  *See JRNA, Inc. v. Snow*, F. Supp. 2d, 2007 WL 2253493, at *2 (E.D. Pa. Aug. 3, 2007).   And, if plaintiffs are permitted to substitute other witnesses at the eleventh hour it would be highly prejudicial and unfair to defendants.

### Ms. Hoover's and Mr. O'Connell's Summary Testimony Must Be Excluded Because Plaintiffs Are Trying To Conduct A Trial By Surprise And Have Not Complied With Federal Rule of Evidence 1006

4.      The testimony of Ms. Hoover and Mr. O'Connell should also be excluded because plaintiffs have refused to produce the documents specifically referenced and summarized in their direct declaration testimony to support their pending motion.  On October 12, 2012, defendants requested the information referenced and summarized in the sworn statements of Ms. Hoover and Mr. O'Connell.  *See* Exs. C and D.  To avoid surprise, defendants also requested the hearing exhibits and other documents plaintiffs intend to rely on to meet their burden of proof at the October 16 hearing.  Defendants requested such information be produced by Saturday, October 13.  Ampco has refused to produce the information on the ground that the Court did not order "expedited discovery."  Howden has refused to produce the information on the ground that it is not relevant.  Both are without merit and require the withheld information and any summaries thereof to be excluded.

---

[1]      Defendants' declarants, Messrs. Creedon, Ryan and Ms. Schoefer, will attend the hearing.

5.      Defendants are not seeking "expedited discovery."  They are seeking compliance with the Rules of Evidence and fundamental fairness.  Defendants are seeking copies of documents that plaintiffs' witnesses reference and purport to summarize and will rely on at the hearing.  These include the documents evidencing the alleged irreparable harm summarized in paragraphs 30-33 of the complaint verified by Ms. Hoover, and paragraph 28 of Mr. O'Connell's declaration, dated October 8, 2012.

6.      The Rules of Evidence provide that a fact witness may be permitted to summarize documents.  However, Federal Rule of Evidence 1006 is clear that "[t]he proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place."  Because plaintiffs have not made the originals of the documents that Ms. Hoover and Mr. O'Connell purport to summarize in the declarations and the verified complaint filed with the Court in support of their motion available to defendants (and have refused to do so) their live testimony or testimony in the form of declarations or verified complaint testimony purporting to summarize those documents cannot be admitted.  *See* Fed. R. Evid. 1006, 403.

7.      Howden's objection that the material specifically identified and summarized in Mr. O'Connell's declaration is not relevant is specious.  If it is not relevant, then Howden should not have put it before the Court and should have no objection to it being excluded now.

For the foregoing reasons, the declarations of Ms. Rose Hoover and Mr. Richard T. O'Connell should be stricken and their testimony should be excluded.

Respectfully submitted:

ROBB LEONARD MULVIHILL                    BURNS WHITE, LLC

By:                                       By:

 /s/ Mark A. Martini_____                 /s/ John B. Cromer____
Mark A. Martini                           John B. Cromer
PA Bar No.: 91001                         Four Northshore Center
BNY Mellon Center                         106 Isabella Street
500 Grant Street, 23rd floor              Pittsburgh, PA 15212
Pittsburgh, PA 15219                      Telephone: (412) 995-3134
Telephone:  (412) 281-5431                Facsimile: (412) 995-3300
Facsimile:  (412) 281-3711


*Counsel for Defendants National Indemnity*     *Counsel for Defendants Utica Mutual*
*Company and Resolute Management, Inc.*          *Insurance Company*